IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BETSY MARTINEZ,

     Plaintiff,                  No. CIV S-07-1551 KJM

   vs.

MICHAEL J. ASTRUE,
Commissioner of Social Security,

     Defendant.             ORDER
_____/

Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying an application for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act ("Act"). For the reasons discussed below, the court will deny plaintiff's motion for summary judgment or remand and grant the Commissioner's cross-motion for summary judgment.

I. Factual and Procedural Background

In a decision dated October 16, 2006, the ALJ determined plaintiff was not disabled.[1] The ALJ's decision became the final decision of the Commissioner when the Appeals

---

[1] Disability Insurance Benefits are paid to disabled persons who have contributed to the Social Security program, 42 U.S.C. § 401 et seq. Supplemental Security Income ("SSI") is paid

1

Council denied plaintiff's request for review. The ALJ found plaintiff has severe impairments of headaches, mild sleep apnea, and anxiety disorder but these impairments do not meet or medically equal a listed impairment; plaintiff is not fully credible; plaintiff can perform light work; using Medical-Vocational Rule 202.20, there are a significant number of jobs plaintiff can perform; and plaintiff is not disabled. Administrative Transcript ("AT") 22.

Plaintiff contends the ALJ committed error at step three of the sequential analysis, should have obtained the testimony of a vocational expert, and this case should be remanded for payment of benefits.

/////

/////

---

to disabled persons with low income. 42 U.S.C. § 1382 et seq. Under both provisions, disability is defined, in part, as an "inability to engage in any substantial gainful activity" due to "a medically determinable physical or mental impairment." 42 U.S.C. §§ 423(d)(1)(a) & 1382c(a)(3)(A). A five-step sequential evaluation governs eligibility for benefits. See 20 C.F.R. §§ 423(d)(1)(a), 416.920 & 416.971-76; Bowen v. Yuckert, 482 U.S. 137, 140-42 (1987). The following summarizes the sequential evaluation:

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.
> Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate.
> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App.1? If so, the claimant is automatically determined disabled. If not, proceed to step four.
> Step four: Is the claimant capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.
> Step five: Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process. Bowen, 482 U.S. at 146 n.5. The Commissioner bears the burden if the sequential evaluation process proceeds to step five. Id.

II. Standard of Review

The court reviews the Commissioner's decision to determine whether (1) it is based on proper legal standards under 42 U.S.C. § 405(g), and (2) substantial evidence in the record as a whole supports it. Copeland v. Bowen, 861 F.2d 536, 538 (9th Cir. 1988) (citing Desrosiers v. Secretary of Health and Human Services, 846 F.2d 573, 575-76 (9th Cir. 1988)). Substantial evidence means more than a mere scintilla of evidence, but less than a preponderance. Saelee v. Chater, 94 F.3d 520, 521 (9th Cir. 1996) (citing Sorenson v. Weinberger, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975)). "It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 402, 91 S. Ct. 1420 (1971) (quoting Consolidated Edison Co. v. N.L.R.B., 305 U.S. 197, 229, 59 S. Ct. 206 (1938)). The record as a whole must be considered, Howard v. Heckler, 782 F.2d 1484, 1487 (9th Cir. 1986), and both the evidence that supports and the evidence that detracts from the ALJ's conclusion weighed. See Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985). The court may not affirm the ALJ's decision simply by isolating a specific quantum of supporting evidence. Id.; see also Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989). If substantial evidence supports the administrative findings, or if there is conflicting evidence supporting a finding of either disability or nondisability, the finding of the ALJ is conclusive, see Sprague v. Bowen, 812 F.2d 1226, 1229-30 (9th Cir. 1987), and may be set aside only if an improper legal standard was applied in weighing the evidence, see Burkhart v. Bowen, 856 F.2d 1335, 1338 (9th Cir. 1988).

III. Analysis

Plaintiff contends the ALJ erroneously failed to consider whether plaintiff's migraine headaches met Listings 11.02 or 11.03. The Social Security Regulations "Listing of Impairments" is comprised of impairments to fifteen categories of bodily systems or disorders that are severe enough to preclude a person from performing gainful activity. Young v. Sullivan, 911 F.2d 180, 183-84 (9th Cir. 1990); 20 C.F.R. § 404.1520(d). Conditions described in the

listings are considered so severe that they are irrebuttably presumed disabling. 20 C.F.R. § 404.1520(d). In meeting or equaling a listing, all the requirements of that listing must be met. Key v. Heckler, 754 F.2d 1545, 1550 (9th Cir. 1985).

Although she makes a general statement that the ALJ should have focused on "the frequency and severity of the 'complicated migraine pattern,'" Pl.'s Mot. for Summ. J. at 4:19-20, plaintiff advances no argument in support of the contention that she meets Listings 11.02 or 11.03. A claim barely contended, unsupported by explanation or authority, may be deemed waived. See Northwest Acceptance Corp. v. Lynnwood Equip., Inc., 841 F.2d 918, 923-24 (9th Cir. 1996) (party who presents no explanation in support of claim of error waives issue); see also Independent Towers of Washington v. Washington, 350 F.3d 925, 929 (9th Cir. 2003). The court deems plaintiff's argument on the issue of whether she meets a Listing such a "bare contention," at best.

Listing 11.02 addresses convulsive epilepsy; Listing 11.02 addresses nonconvulsive epilepsy. Both of these Listings require documentation by detailed description of a typical seizure pattern. The record is devoid of any such evidence and plaintiff fails to explain how migraine headaches equal the requisite seizure pattern. Nor is there any evidence in the record that plaintiff meets the threshold requirement of the impairment persisting after treatment with prescribed antiepileptic therapy. See 20 C.F.R. part 404, subpt. P, App. 1, § 11.00(A). Moreover, upon review of the record, it is readily apparent that the ALJ's opinion that plaintiff does not meet or equal a Listing is supported by substantial evidence. AT 22, 34, 135, 164-173, 194-201.

Plaintiff also contends, again without supporting argument, that the ALJ should have obtained the testimony of a vocational expert and that the case deserves remand for payment of benefits because of the opinion of a treating physician. The court considers these arguments waived, given their cursory presentation. Moreover, the state agency physicians and examining neurologist specifically considered plaintiff's migraine headaches and did not consider that

impairment as limiting plaintiff's ability to perform work.  AT 135, 164-173, 194-201.  The ALJ properly rejected the extreme limitations assessed by treating physician Dr. Martinez as unsupported by the record.  AT 19, 334.

The ALJ's decision is fully supported by substantial evidence in the record and based on the proper legal standards.  Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment or remand is denied, and

2. The Commissioner's cross-motion for summary judgment is granted.

DATED:  March 26, 2009.

_____
U.S. MAGISTRATE JUDGE

006
martinez.ss